UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MONISE LULY and CLAUDE LULY,

                          Plaintiffs,

-against-

COUNTY OF SUFFOLK, DEPARTMENT
OF HEALTH SERVICES, FRANCINE
BRECHTER, BRIAN HARPER, JOHN J.
FOLEY SKILLED NURSING FACILITY
AND RICHARD MEYER,

                        Defendants.
-------------------------------------------------------X

MEMORANDUM AND ORDER

CV 06-6752

(Wexler, J.)

APPEARANCES:

    GARY VISCIO, ESQ.
    LAW OFFICES OF JACK ANGELOU
    BY: JACK ANGELOU, ESQ.
    145 Willis Avenue
    Mineola, New York 11501
    Attorneys for Plaintiffs

    CHRISTINE MALAFI, SUFFOLK COUNTY ATTORNEY
    BY: ARLENE S. ZWILLING, ESQ, ASSISTANT COUNTY ATTORNEY
    Attorneys for Defendants
    100 Veterans Memorial Highway
    P.O. Box 6100
    Hauppauge, New York 11788-0099

WEXLER, District Judge

    This is an employment discrimination case alleging racial and religious discrimination as well as retaliation. Plaintiff sets forth a federal claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as well as a state claim pursuant to Section 290 of the New York

1

State Executive Law and a claim pursuant to the New York City Administrative Code.

Presently before the court is Defendants' motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss portions of the complaint. Specifically, Defendant seeks dismissal of the Title VII claims against the individual defendants, dismissal of the State Law claim on the ground that Plaintiff failed to file a notice of claim under state law and dismissal of the New York City Administrative Code on the ground that Defendants are not subject to that law. For the reasons that follow, the motion is granted.

## DISCUSSION

I. <u>Individual Liability Under Title VII</u>

Defendants Francine Brechter, Brian Harper and Richard Meyer (the "Individual Defendants") move to dismiss the complaint on the ground that individuals cannot be liable under Title VII. In <u>Tomka v. Seiler Corp.</u>, 66 F.3d 1295 (2d Cir. 1995), the Second Circuit held that individual employees cannot be held personally liable as "employers" under Title VII of the Civil Rights Act. See <u>Tomka</u>, 66 F.3d at 1313. In light of the foregoing, the court grants the Individual Defendants' motion to dismiss the Title VII claims. See <u>Mandell v. County of Suffolk</u>, 316 F.3d 368, 377 (2d Cir. 20003).

II. <u>Failure to File Notice of Claim</u>

Defendants move to dismiss Plaintiffs' state law claims (the second, third and fourth causes of action) on the ground that Plaintiffs failed to file a notice of claim pursuant to New York law. State law claims brought in Federal court are nonetheless subject to the notice of claim requirements of New York State law. See <u>Henneberger v. Nassau</u>, 465 F. Supp.2d 176, 198 n. 11( E.D.N.Y. 2006); <u>Horvath v. Daniel</u>, 423 F. Supp.2d 421, 423 (S.D.N.Y. 2006);

Feldman v. Nassau County, 346 F. Supp. 2d 528, 539 (E.D.N.Y. 2004). As Plaintiff concedes that no such notice was filed and this court lacks the power to grant Plaintiffs leave to file a late notice of claim, the court dismisses the second, third and fourth causes of action in Plaintiffs' complaint.

III.  New York City Administrative Code

Plaintiffs do not oppose dismissal of this claim. It is therefore, dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the claims against the individual defendants is granted as are the motions to dismiss the second, third and fourth causes of action and any cause of action pursuant to the New York City Administrative Code. The parties are directed to proceed with discovery. The Clerk of the Court is directed to terminate the motion to dismiss.

SO ORDERED.

/s/ LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       August  , 2007